**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3432
_____

STEFAN GLADDEN,
Appellant

v.

AMBLER HEALTHCARE GROUP, LLC, doing business as Ambler Extended
Care Center; SABER HEALTHCARE GROUP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-04483)
District Judge: Honorable Gerald A. McHugh
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 18, 2024

Before: HARDIMAN, MATEY, and PHIPPS, *Circuit Judges*.

(Filed: January 24, 2024)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**HARDIMAN**, *Circuit Judge*.

Stefan Gladden appeals the District Court's summary judgment for his former employer, Ambler Healthcare Group, LLC, on his claims of retaliation and hostile work environment. We will affirm, essentially for the reasons stated by the District Court in its careful and persuasive opinion.

I

Gladden worked for Ambler as a dietary aide from August 2019 until he was terminated on January 4, 2021, after failing to complete several job responsibilities during his shift the night before. Gladden admits he left his shift early and asked one of his co-workers to finish his work. Gladden had previously received verbal and written discipline related to his attendance, job performance, and interactions with co-workers. Each time, Gladden was warned that he faced further disciplinary action—up to termination of his employment—if he continued to violate Ambler's policies.

Despite these repeated violations, Gladden claims he was terminated only after he complained about a fellow dietary aide calling him a "monkey." He testified that this co-worker did so three times, though he never reported the epithets to Ambler. One of these instances occurred during a "heated" argument in which Gladden called that same co-worker a "murderer." App. 211. In response to this altercation, Gladden's direct supervisor and Ambler's administrator held a joint meeting with Gladden and his co-worker, warning them not to engage in similar behavior again. Both employees admitted wrongdoing and "promised to work together going forward." *Id.* Gladden admits that the co-worker never again called him a monkey after this meeting.

2

Gladden sued Ambler under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Stat. § 951 *et seq.*, asserting three causes of action: race discrimination, retaliation, and hostile work environment. Following discovery, Ambler moved for summary judgment on each of Gladden's claims. The District Court granted Ambler's motion. Gladden appealed only the retaliation and hostile work environment claims.

## II[1]

We exercise plenary review over a summary judgment, applying the same standard as the District Court. *Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 229 (3d Cir. 2021). To prevail, Ambler must "show[] that there is no genuine dispute as to any material fact," such that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The claims at issue in this appeal are "interpreted coextensively" whether they are brought under Title VII or the PHRA. *Atkinson v. Lafayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006).

## A

To establish his prima facie case of retaliation, Gladden was required to show: "(1) protected employee activity [in which he engaged]; (2) adverse action by [Ambler] either after or contemporaneous with the . . . protected activity; and (3) a causal connection between the . . . protected activity and [Ambler's] adverse action." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (cleaned up). The District Court concluded that

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

Gladden had failed to show he engaged in protected activity because he had neither filed "formal charges of discrimination" against Ambler nor initiated "informal protests of discriminatory employment practices, including making complaints to management." *Gladden v. Ambler Healthcare Grp., LLC*, 2022 WL 17721055, at \*5 (E.D. Pa. Dec. 15, 2022) (citing *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015)). At no point did Gladden present evidence that he made a complaint of any nature at any time, including during the meeting with his co-worker, his supervisor, and Ambler's administrator. Thus, the District Court did not err in holding that Gladden had failed to establish a prima facie case of retaliation. *See id.*

B

To prevail on his hostile work environment claim, Gladden had to produce evidence to support five elements: (1) he suffered "intentional discrimination because of his . . . race"; (2) "the discrimination was severe or pervasive"; (3) "the discrimination detrimentally affected" him; (4) "the discrimination would detrimentally affect a reasonable person in like circumstances"; and (5) "the existence of *respondeat superior* liability." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017). Although Gladden's co-worker used a slur "embod[ying] a racist stereotype," the District Court concluded that three individual incidents of that co-worker using the slur against Gladden were not severe or pervasive enough to generate a hostile work environment. *Gladden*, 2022 WL 17721055, at \*7. It did not err in so concluding.

This case is unlike *Castleberry*, where we held that the plaintiffs had pleaded "a plausible claim of a hostile work environment under [two] theor[ies]—that the

harassment was 'severe' *or* 'pervasive'"—based on the use of the N-word by a supervisor, "*accompanied* by threats of termination" and a backdrop of other allegations of racial discrimination. 863 F.3d at 265–66 (emphasis added); *see id.* at 264–66. Here, the slur was used by Gladden's co-worker, not his manager, and Gladden "points to no other evidence suggesting some racial animus in the workplace." *Gladden*, 2022 WL 17721055, at *7. Moreover, although Gladden was "shocked" and "dumbfounded" at his co-worker's use of the slur, he "let it go" and never reported the behavior. App. 338–39. As the District Court recognized, there is "nothing in the record to show that [these] comments . . . 'unreasonably interfere[d] with [Gladden's] work performance,' discouraged him from 'remaining on the job,' or interfered with advancement." *Gladden*, 2022 WL 17721055, at *8 (second alteration in original) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22–23 (1993)).

Gladden's contention that Ambler failed to properly address his co-worker's behavior also lacks support. Ambler management convened a meeting to address the conflict between Gladden and his co-worker and the slur was not uttered after that. *See Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 110 (3d Cir. 2009) ("[T]he employer cannot be liable under Title VII if its remedial action stopped the

harassment."). We thus agree with the District Court that summary judgment on Gladden's hostile work environment claim was appropriate.

\* \* \*

For all of these reasons, the District Court did not err in holding that Ambler was entitled to summary judgment as to Gladden's retaliation and hostile work environment claims. We will therefore affirm.